UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT HARSH,

       Plaintiff,                             Case No. 1:07-cv-874

   vs.                                       Weber, J.
                                             Black, M.J.

CITY OF FRANKLIN, OHIO, *et al.,*

       Defendants.

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS (Docs. 5 & 9) AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (Docs. 6 & 11) BE DENIED AS MOOT; (2) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 14) BE DENIED; (3) PLAINTIFF'S MOTION FOR MONETARY REWARD (Doc. 17) BE DENIED; AND (4) PLAINTIFF'S MOTIONS TO DISMISS AND/OR REMAND (Docs. 20 & 23) BE DENIED.**

On July 16, 2005, plaintiff was arrested for various offenses arising out of his erratic driving and subsequent flight from the police. (Doc. 2). Plaintiff was indicted on various charges August 22, 2005, and, after a jury trial, received a "not guilty" verdict in his favor as to each count. On July 2, 2007, plaintiff initiated the instant action by filing a *pro se* complaint in the Warren County, Ohio Court of Common Pleas against the City of Franklin, Ohio, the City's Police Department, and Officer Figliola for false arrest and malicious "filing of false criminal complaints." (Doc. 2). Defendants removed the case from the Warren County Court of Common Pleas to this Court on October 18, 2007. (*See* Doc. 1). Several dispositive motions are now before the Court. Each will be addressed in turn.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

I.  *The parties' dispositive motions filed prior to the filing of plaintiff's amended complaint (Docs. 5,6, 9, 11)*

On September 13, 2007, the Common Pleas Court granted plaintiff leave to amend his complaint. (*See* Doc. 22, Ex. 2). Plaintiff then filed his amended complaint on September 19, 2007. (Doc. 10.) Prior to the filing of the amended complaint, the parties had each filed dispositive motions. (*See* Docs. 5, 6, 9, 11).

Here, plaintiff's amended complaint supersedes the original complaint and is the "legally operative complaint" in this matter. *Scuba v. Wilkinson,* No. 1:06CV160, 2006 WL 2794939, *2 (S.D. Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir.2000), *cert. denied,* 533 U.S. 951 (2001)). Since the amended complaint replaces the original complaint, the earlier-filed motions for judgment on the pleadings and/or for summary judgment (Docs. 5, 6, 9, 11) are moot, and they should be denied. *See Chambers v. U.S.,* Case No. 1: 06 CV 911, 2006 WL 2482007, *1 (N.D. Ohio August, 24, 2006); *see also Spokane County Legal Services, Inc. v. Legal Services Corp.*, Case No. C-76-289, 433 F. Supp. 278, *280 (D.C. Wash. June 23, 1977).

II.  *Plaintiff's motion for summary judgment (Doc. 14)*

It appears that plaintiff moves for summary judgment as to his federal and state law claims; however, plaintiff neither addresses nor supports any of the claims asserted in his Amended Complaint.[2] Accordingly, for the reasons that follow, the undersigned

---

[2] Plaintiff's amended complaint adds federal claims under 42 U.S.C. § 1983 and § 1985 for violations of his

recommends that plaintiff's motion (Doc. 14) be denied.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

"Summary judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions *on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(c)) (emphasis added). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment  -  rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Here, the motion for summary judgment should be denied because the record is devoid of any evidence to show the absence of disputed facts. In his motion, plaintiff

---

rights under the Fourth, Eighth, and Fourteenth Amendments.  (Doc. 10.)

merely explains that he is in possession of numerous documents to prove his claims and that he has sufficient research to show his claims are meritorious. However, plaintiff does not submit any evidence that could prove any of his claims.

The Court may not, at this stage of the litigation, determine that the factual allegations are credible. *See Keweenaw Bay Indian Comm.*, 477 F.3d at 886. Additionally, the scant evidence in the case must be construed against plaintiff and in favor of defendants in the context of plaintiff's motion for summary judgment. *See id.* Accordingly, plaintiff has not met his initial burden of showing that he is entitled to summary judgment as a matter of law.

      III.    *Plaintiff's motion for monetary reward on all claims (Doc. 17)*

Plaintiff's motion for monetary reward on all claims appears to be a motion for summary judgment, wherein plaintiff is seeking judgment in the amount of $442, 076 (to increase monthly if not timely satisfied). However, plaintiff does not submit any evidence that could prove any of his claims and/or establish that he is entitled to the amount requested. Thus, plaintiff cannot meet his initial burden of showing that he is entitled to summary judgment as a matter of law.

      IV.    *Plaintiff's motions to dismiss and/or remand (Docs. 20, 23)*

Plaintiff seeks to dismiss this case and have it remanded back to state court, asserting that defendants failed to timely remove this case. He further maintains that defense counsel failed to file plaintiff's July 2, 2007 complaint with this Court when defendants removed this case, and this was done, purportedly, to mislead the Court.

Here, plaintiff filed his original complaint on July 2, 2007 in the Warren County Court of Common Pleas. Plaintiff did not allege any federal claims against defendants at that time; therefore, the defendants did not have a right to remove the case to federal court. However, on September 4, 2007, plaintiff requested leave to file an amended complaint, and on September 13, 2007, the state court granted plaintiff leave to file an amended complaint. Plaintiff, therefore, served defendants with his amended complaint on September 19, 2007.[3]

Thereafter, the defendants filed their notice of removal on October 18, 2007, less than 30 days from the date that plaintiff served defendants with amended complaint. Accordingly, defendants' removal of this case from the Warren County Court of Common Pleas was timely and proper, and, thus, plaintiff's request to have this case dismissed and remanded back to the state court is not well-taken.[4]

**IT IS THEREFORE RECOMMENDED THAT**:

1.  Defendants' motions for judgment on the pleadings and plaintiff's motions for summary judgment (Docs. 5, 6, 9, 11) be **DENIED as MOOT;**

---

[3] As noted above, plaintiff's amended complaint asserts various state law claims and adds federal claims under 42 U.S.C. § 1983 and § 1985 for violations of his rights under the Fourth, Eighth, and Fourteenth Amendments. (Doc. 10)

[4] Additionally, plaintiff's allegation that the defendants omitted certain pleadings when they removed the instant case, including plaintiff's July 2, 2007 complaint, is without merit. Plaintiff's July 2, 2007 complaint was indeed filed in this Court and is referenced as Docket Number 2 on this Court's docket.

2. Plaintiff's motion for summary judgment (Doc. 14) be **DENIED;**

3. Plaintiff's motion for monetary reward on all claims (Doc 17) be **DENIED;**

and

4. Plaintiff's motions to dismiss and/or remand (Docs. 20, 23) be **DENIED.**


**DATE:6/5/08**				/s/Timothy S. Black

               Timothy S. Black
               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT HARSH.,

       Plaintiff,                                 Case No. 1:07-cv-874

      vs.                                             Weber, J.
                                                      Black, M.J.

CITY OF FRANKLIN, OHIO, *et al.,*

       Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).