UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


ROBERT HARSH,

    Plaintiff,                            Case No. 1:07-cv-874

    vs.                                         Weber, J.
                                            Black, M.J.

CITY OF FRANKLIN, OHIO, *et al.,*

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. 25) BE DENIED**

On July 16, 2005, Plaintiff was arrested for various offenses arising out of his erratic driving and subsequent flight from the police. (Doc. 2). Plaintiff was indicted on various charges August 22, 2005, and, after a jury trial, received a "not guilty" verdict in his favor as to each count.

On July 2, 2007, Plaintiff initiated the instant action by filing a *pro se* complaint in the Warren County Court of Common Pleas against the City of Franklin, Ohio, the City's Police Department, and Officer Figliola for false arrest and malicious "filing of false criminal complaints." (Doc. 2.)

Defendants removed the case from the Warren County Court of Common Pleas to this Court on or about October 18, 2007. (Doc. 1.)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

This civil action is now before the Court on Plaintiff's motion for leave to file amended complaint (Doc. 25) and Defendants' memorandum *contra* (Doc. 31).

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff previously sought leave to amend his original Complaint, filed in the Warren County Court of Common Pleas, on September 4, 2007. The Court granted Plaintiff leave to amend on September 13, 2007. Plaintiff served Defendants with a copy of his Amended Complaint on or about September 19, 2007. Plaintiff's Amended Complaint added federal claims previously not mentioned in his original Complaint. Defendants removed this case to the United States District Court, Southern District of Ohio, on or about October 18, 2007.

Plaintiff sought leave to file a Second Amended Complaint on or about March 17, 2008. (*See* Doc. 25). In this motion, Plaintiff requested leave to "update" his Complaint to the "federal level." Plaintiff's motion did not mention leave to add parties and/or claims. However, on April 9, 2008, Plaintiff attempted to file a Second Amended Complaint with the Court. Because the Court had not yet ruled on Plaintiff's motion for leave to amend, the Second Amended Complaint was placed on the docket as "Exhibit 1" to Plaintiff's March 17, 2008 Motion for Leave.

Plaintiff's Second Amended Complaint asserts new claims against the City of Franklin Police Department and Officer Figliola, including a claim pursuant to 18 U.S.C. §§ 1962(d) and 1964 of the Racketeer Influenced and Corrupt Organizations (RICO) Act. Furthermore, Plaintiff purports to represent his stepdaughter and fiancée in a Loss of

Consortium Claim against Defendants.

Additionally, Plaintiff proposed to add the following additional parties to his Complaint: (1) Stephen Figliola; (2) Jim Ruppert, Franklin City Judge; (3) John Doe Officers/Supervisors City of Franklin, Ohio; (4) Ruppert Ruppert Franklin City Judge; (5) S. Runge, Franklin City Prosecutor; (6) Belinda Hurley; (7) Derrick Faulkner, Warren County Prosecutor; (8) and James L. Flannery, Judge Warren County, Ohio.

## II.  STANDARD OF REVIEW

Fed. R. Civ. P. 15 grants a court discretion to permit a plaintiff to file an amended complaint.  Leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6).  *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.  *Id.*; *see also, Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005) (noting that "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."  *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing

*Twombly*, 127 S.Ct. at 1965). Thus, "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

The additional claims asserted in the proposed Amended Complaint are as follows: (1) loss of Consortium; (2) failure to Intervene (against Warren County police officers); and (3) civil RICO violations (allegations are scattered throughout the Second Amended Complaint). Defendants, assert however, that all of these claims are without merit and could not survive a 12(b)(6) motion. Defendants further assert that Plaintiff's claims against the parties he seeks leave to add are also without merit. The undersigned agrees and finds that plaintiff's motion for leave is not well-taken.

    A.    *Plaintiff's Loss of Consortium Claim is Without Merit.*

Plaintiff's proposed loss of consortium claim appears to assert two separate loss of consortium claims: one on behalf of his fiancée and her daughter and another on behalf of himself (in the previously filed Complaint, plaintiff did assert a loss of consortium claim on his own behalf, based on the loss of the services of his fiancée). Plaintiff asserts in the Second Amended Complaint that:

> "Plaintiff cassies sanders and morgan sanders wish to be included in the loss of consortium claim as the only action that would involve them being cassie is my fiancé and morgan is her daughter and we have been living together for six years."

"Ohio common law recognizes that when one spouse is injured, the other spouse is also damaged and may assert his or her own cause of action against the tortfeasor for those damages - i.e., a Claim for Loss of Consortium." *Clouston v. Remlinger Oldsmobile Cadillac, Inc.*, 22 Ohio St.2d 65, 74 (1970); *Marcum v. Marcum*, 116 Ohio App.3d 606, 613-614 (2nd Dist. 1996). Here, plaintiff is not married to Cassie Sanders, and Morgan Sanders is not his daughter; and, therefore, plaintiff may not assert a loss of consortium claim.

Finally, Plaintiff, as a *pro se* litigant, cannot advance a loss of consortium claim on behalf of Cassie Sanders or Morgan Sanders; he can only represent his own interests in this case.

B. *Failure to Intervene*

Plaintiff further proposes to assert a claim against the Warren County Sheriff's Department for failure to intervene. However, the "Warren County Sheriff's Department." is not a legal entity and therefore cannot be a party to a lawsuit. *Shobe v. Seneca County Sheriff's Office* (February 13, 2008), 2008 WL 440582, 3 (N.D. Ohio); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that "the Sheriff's Department is not a legal entity subject to suit"). Thus, the undersigned agrees that allowing Plaintiff to amend his Complaint to add this claim would be futile.

C. *Racketeer Influenced and Corrupt Organizations (RICO) Act*

Plaintiff alleges a civil RICO claim against the City of Franklin Police Department and Officer Figliola based on the following alleged "racketeering" activities: (1) the City of Franklin Police Department "went out of their jurisdiction and very unconstitutionally

with out any search warrant"; and (2) the City of Franklin "bound [plaintiff's criminal case] to their buddy's in Warren County for Grand Jury Indictments and hopefully felony convictions." Plaintiff maintains that City of Franklin police officers, including Officer Figliola, are rewarded by some unnamed agency for depriving citizens of their rights with trophies, days off from work with pay, merchandise, and brand new "Dodge Chargers." (*See* Doc. 25, Ex. 1, p. 9).

Defendants maintain that even plaintiff's allegations were true, none of these alleged actions fall within the definition of "racketeering activity" as defined under 18 U.S.C. § 1961(1). Defendants maintain further that the factual allegations in plaintiff's Second Amended Complaint do not establish a pattern of racketeering activity, but rather several instances where plaintiff believes his civil rights were violated. The undersigned agrees that the alleged actions do not fall within the definition of "racketeering activity" and do not establish a pattern of racketeering activity. Accordingly, plaintiff's civil RICO claim is futile and will not survive a Rule 12(b)(6) motion to dismiss.

Plaintiff also attempts to bring in several additional parties to this case in order to establish a civil RICO conspiracy claim. Specifically, Plaintiff alleges that the following persons and/or entities have conspired together in violation of the 18 U.S.C. § 1962(d): (1) the City of Franklin, Ohio; (2) the City of Franklin, Ohio Municipal Court; (3) the Warren County, Ohio Court of Common Pleas; (4) the Warren County, Ohio Sheriff's Department; (5) City of Franklin Prosecutor, Steve Runge; (6) Judge Jim Ruppert of the City of Franklin, Ohio Municipal Court; (7) City of Franklin Police Officer Stephen

Figliola; (8) Belinda Hurley (plaintiff's Parole Officer); (9) Judge James L. Flannery of the Warren County Court of Common Pleas; (10) Warren County, Ohio Prosecuting Attorney Derrick Faulkner; and (11) Judge Ruppert Ruppert of the City of Franklin, Ohio Municipal Court.

However, as noted by defendants, plaintiff's RICO conspiracy theory does not identify or even allege any actions taken by these individual and/or entities that could be considered "racketeering activity," as defined under 18 U.S.C. § 1961(1). Thus, plaintiff's proposed Second Amended Complaint does not contain any allegations that these parties conspired together under 18 U.S.C. § 1962(d), and, therefore, it would be futile to permit plaintiff to amend his Complaint to add these additional parties and/or claims.

> D.  *Judge Ruppert Ruppert, Judge Jim Ruppert, Judge James Flannery, and Judge Dereck Faulkner will be entitled to absolute immunity as to Plaintiff's 42 U.S.C. § 1983 Claims.*

The Supreme Court has held that a judge performing his judicial functions enjoys absolute immunity from lawsuits for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Moreover, judicial immunity is not overcome by allegations of bad faith or malice. *Pierson*, *supra,* 386 U.S. at 554 (holding that "immunity applies even when the judge is accused of acting maliciously and corruptly").

Here, plaintiff proposed second amended complaint asserts that Judge Flannery of the Warren County Court of Common Pleas "caused, created, condoned [,] authorized [,]

ratified [and] approved unconstitutional acts policies and procedures in a court of law."
(*See* Doc. 25, Ex1, p. 3). As plaintiff has only taken issue with judicial functions performed by the judge, Judge Flannery is immune from any § 1983 claim. Similarly, plaintiff's claims against Franklin Municipal Court Judges Ruppert Ruppert and Jim Ruppert are also based on judicial functions that they performed, and they are immune.

Accordingly, it would be futile to permit plaintiff to amend his complaint to add the judges as parties to this case.

> E. *City of Franklin, Ohio Prosecutor Stephen Runge and Warren County Prosecutor Dereck Faulkner are entitled to absolute immunity as to Plaintiff's 42 U.S.C. § 1983 Claims.*

The United States Supreme Court has extended absolute immunity to shield prosecuting attorneys who are sued under 42 U.S.C. § 1983 for alleged deprivations of constitutional rights committed in performing their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). The Court noted that those activities "intimately associated with the judicial phase of the criminal process" are functions to which the "reasons for absolute immunity apply with full force. " *Id.* at 430.

Moreover, "[a]bsolute prosecutorial immunity is not defeated by showing that a prosecutor acted wrongfully or even maliciously [because] the decision to prosecute ... 'even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*.'" *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

To the extent plaintiff is asserting § 1983 claims against Steve Rungee (City of Franklin, Prosecutor) and/or Dereck Faulkner (Warren County, Prosecutor), they will be

entitled to immunity.

> F. *The Warren County, Ohio Court of Common Pleas and the City of Franklin, Ohio Municipal Court are not sui juris.*

The Supreme Court of Ohio has concluded that Ohio courts are not *sui juris*. *See Burton v. Hamilton County Juvenile Court*, Case No. 1:04-cv-368, 2006 WL 91600, *5 (S.D. Ohio Jan 11, 2006) (holding that the Hamilton County Juvenile Court is not a legal entity capable of being sued); *see also, Yoel v. Gandolf*, Case No. 1:06-cv-387, 2007 WL 777983, *5 (N.D. Ohio March 12, 2007) (holding that the Lake County, Ohio Court of Common Pleas cannot sue or be sued in a § 1983 action).

Therefore, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248 (1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121(1973)). Thus, the addition of these entities as parties would be futile.

## IV.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's motion for leave to amend complaint (Docs. 25) should be **DENIED.**

DATE:  January 13, 2009                    s/Timothy S. Black
                                           Timothy S. Black
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT HARSH,

       Plaintiff,                            Case No. 1:07-cv-874

    vs.                                        Weber, J.
                                                 Black, M.J.

CITY OF FRANKLIN, OHIO, *et al.*,

       Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).