## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT HARSH,

      Plaintiff,

v.                                 Case No. C-1-07-874

CITY OF FRANKLIN, *et al.*,

      Defendants.

### ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate (doc. no. 88), plaintiff's "Affidavit and Objection" to Report and Recommendation (doc. no. 91), defendants' Memorandum in Opposition (doc. no.112 ), and the parties' supplemental memoranda in support and opposition thereto (doc. nos. 92, 95, and 110).

Plaintiff's Objection (doc. no.109) to the Magistrate Judge's Order  (doc. no.107) reinstating the case to the Court's active docket remains pending.  Clearly the record before the Court demonstrates the Order is not clearly erroneous.  The case is reinstated on the docket of the Court.

Plaintiff objects (doc. no. 127) to the Order of the Magistrate Judge entered April 4, 2011 (doc. no. 126).  The Order is not clearly erroneous.  The Order is AFFIRMED.

In his Report and Recommendation, Magistrate Judge Black recommended the Court grant defendants' Motion for Summary Judgment in favor of defendants on plaintiff's federal claims (doc. no. 50), deny multiple pending motions (doc. nos. 56, 58, 61, 63,67, 69, 70, and 74)

1

as MOOT, and close the case. In his Report and Recommendation, the Magistrate Judge

concluded that there are no genuine issues of material facts in dispute and that defendants are

entitled to judgment as a matter of law.

In his Objections, plaintiff argues that the facts found by the Magistrate Judge are in

dispute. He points to his testimony at trial: 1) he denied driving the car that day or night; 2) he

"was in his bedroom asleep with the fans running and the windows open in his bedroom"; 3) he

was beaten "because he did not have information as to the whereabouts of the two teens driving

the company work vehicle" and received wounds in the beating. Plaintiff also highlights

testimony introduced at trial that damage to the SUV was only $50.00.

In his Objections, plaintiff also disputes the findings by the Magistrate Judge that there

was probable cause for his arrest and exigent circumstance existed allowing police to enter his

house. He reiterates his allegations that he was severely and maliciously beaten in his bed by

police officers. Plaintiff questions the credibility of the police assertion that they were in the

house on a welfare check, noting that when they found him bleeding from several areas, they did

not call an ambulance. He suggests that they dare not call an ambulance because there was

evidence that they had beaten him. He claims that the officers were actually looking for

perpetrators when they entered the house to which the car was registered.

The plaintiff filed his Objections on September 16, 2009, 14 days after the Report and

Recommendation was filed. Plaintiff was imprisoned at the time. Defendants object to the filing

as untimely, however, a new deadline for filing objections was eventually set by the Magistrate

Judge (doc. no. 107) and the objections were filed well within that time frame.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a Magistrate Judge's

2

Report and Recommendation is both statutorily and constitutionally required. See *United States v. Shami*, 754 F.2d 670, 672 (6th Cir.1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir.2001).

## I. Procedural and Factual Background

In the original Complaint removed from state court, plaintiff claimed irreparable emotional harm and financial hardship due to defendants' malicious conduct, filing false complaints, cruel and unusual punishment, deprival of "life and liberty", and equal protection. It included allegations that Officer Figliola unlawfully entered the plaintiff's residence.

In the Report and Recommendation, the Magistrate Judge summarizes the plaintiff's claims: the § 1983 claims are enumerated as 1) excessive use of force; 2) abuse of criminal process; 3) illegal entry and search; 4) denial of medical attention; and 5)malicious prosecution; a federal civil conspiracy pursuant to 42 U.S.C. § 1985; and the state causes of action of malicious prosecution, defamation; trespass, assault and battery, loss of consortium, and unlawful arrest/false imprisonment.

Shortly after the Report and Recommendation was filed, the case was administratively closed pursuant to plaintiff's request (doc. no. 97).

The case was referred to Magistrate Judge Litkowitz who granted the defendants' motion to reopen the case (doc. no.107) and reset the deadline for the filing of objections to the Report and Recommendation.

3

## II. Undisputed Facts

This Court agrees with the factual findings contained in the Report and Recommendation. The Court notes that the Magistrate Judge states that Officer Figliola saw plaintiff driving the SUV. Additionally, the Court finds the following facts contained in the trial transcript and relied upon by the plaintiff in his arguments are not in dispute:

Defendants, Officer Figliola and the Franklin Police Department had received multiple monetary awards from Mothers Against Drunk Driving ("MADD") for arresting drunk drivers. *See* doc. 52, Harsh Trial Transcript, at p. 16-17, lines 21-7; at p. 65-67, lines 12 -5. Officer Figliola had made 154 arrests in 2005 up to the time of Harsh's criminal trial, December 12, 2005; 138 in 2004; and 100 in 2003. *Id.*

No accident report was filed regarding the SUV. *Id.* at p. 73, lines 5-7. There were no fingerprints or any other evidence taken from the SUV. *Id.* at p. 71, lines 1-8. Plaintiff was never asked to perform field sobriety tests. *Id.* at p. 85-86, lines 22 - 13. *Id.* at p. 112, lines 14 - 24. Plaintiff's clothes were not taken from the bedroom. *Id.* at p. 81-82, lines 22-5. When plaintiff was arrested and put in Officer Hatfield's patrol car, he was not allowed to dress or put shoes on. *Id.* at p. 8, lines 9-13.

The SUV - and other work vehicles - were always parked in the driveway of the plaintiff's residence. *Id.* p.152, line 25. The keys were always left in the vehicles. *Id.* at p. 143, lines 17-18; at p.144, lines 19-24; at p. 176-177, lines 24-3. This was common knowledge and his workers customarily borrowed vehicles without advance permission. *Id.* at p. 159, lines 1-18; at p. 161, lines 11-17.

4

### III. Disputed Facts

The Court finds that there are facts in dispute:

The parties disagree as to whether plaintiff was driving the SUV. Officer Figliola claims he saw plaintiff driving the SUV. *Id*. at p. 21, lines 5-14. Plaintiff claims he was not driving the SUV that night. *Id*. at p. 197, line 1; at p. 198, lines 10-15.

The police claim the back doors to plaintiff's house were open. *Id*. at p. 40, lines 22-24; at p. 42, lines 1-2. They testified to closing the doors when they left so that the dog would not get out. *Id*. at p. 45, lines 13-15. Plaintiff claims that the doors were not open because, if they had been, the dog would have left. *Id*. at p. 167-168, lines 22-1.

Plaintiff claims he was beaten in bed. *Id*. at p. 168-169, lines 19-5. Plaintiff claims that the injury on his nose was caused by being beaten up in bed. *Id*. at p. 173, lines 10-14. Police claim he had that injury prior to their entry into his bedroom. *Id*.at p. 43, lines 22-23.

Officer Figliola claims he attempted to administer a sobriety test at the station several hours after the event, but plaintiff refused to take it and to sign the refusal form. *Id*. at p. 48, lines 20 -24; at p. 50-51, lines 11- 19. Plaintiff denies this. *Id*. at p. 178, lines 7-8.

### IV. Applicable Law

**A. Summary Judgment**

As noted by the Magistrate Judge, summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). Mr. Harsh may not rest upon allegations, but must set

5

forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986)(quoting *First Nat'lBank of Arizona v. Cities Serv. Co.,* 391 U.S. 253 (1968)). It is not sufficient for the plaintiff to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). To preclude summary judgment, the nonmoving party must present evidence, beyond his pleadings and his own conclusory statements, to establish the existence of specific triable facts. *CelotexCorp.*, 477 U.S. at 322-23;  *Maki v. Laako,* 88 F.3d 361, 364 (6th Cir.1996). Although the nonmoving party's evidence in opposition to summary judgment need not be of the sort admissible at trial, he must employ proof other than his pleadings and own affidavits to establish the existence of specific triable facts. *Celotex Corp.,* 477 U.S. at 324. Rather, that party must point to evidence in the record or proffer actual evidence to support his claims. The evidence proffered must be "of an evidentiary quality that demonstrates the existence of a genuine dispute of a material fact." *Bailey v. Floyd County Bd. of Educ.,* 106 F.3d 135, 145 (6th Cir.1997). To be of evidentiary quality, "[t]he proffered evidence need not be in admissible form, but its content must be admissible." *Id.* (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)(emphasis in original omitted)).

The Court finds that the facts in dispute are not material facts that demonstrate the existence of a genuine issue for trial. There is no genuine issue for trial unless there is sufficient evidence favoring the plaintiff for a jury to return a verdict for him. Believing the evidence Mr. Harsh submits and drawing all justifiable inferences in his favor, the Court finds plaintiff has failed to present sufficient evidence supporting his federal claims to establish the existence of the

6

elements of those federal claims.

**1. Probable Cause**

Because Mr. Harsh's arrest was made without a warrant, the presence or absence of probable cause to arrest plaintiff is essential to resolving several of plaintiff's federal claims. The issue of "probable cause" turns on whether the "facts and circumstances within the officer's knowledge [ ] are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Mich. v. DeFillippo*, 443 U.S. 31, 37 (1979); *see also Feathers v. Aey*, 319 F.3d 843, 851 (6th Cir. 2003). "A police officer has probable cause only when he discovers reasonably reliable information that the suspect has committed a crime." *Radvansky v City of Olmsted Falls*, 395 F.3d 291, 305 (6th Cir.2005) (citing *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000)). The fact that an individual is later acquitted of the crime for which he is arrested is irrelevant to the validity of the arrest. *DeFillippo*, 443 U.S. at 36.

"[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford* 543 U.S. 146, 153 (2004) (citing *Whren v. United States*, 517 U.S. 806, 812-813 (1996); *Arkansas v. Sullivan*, 532 U.S. 769 (2001)). In other words, the officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id.* It is only necessary that the circumstances, viewed objectively, justify the action. *Id.* (citing *Whren*, 517 U.S. at 813 (quoting *Scott v. United States*, 436 U.S. 128, 138 (1978)).

Based on the undisputed facts in the record before the Court, the Court is able to find only

7

one reasonable determination is possible as to probable cause. Plaintiff has submitted no

evidence, other than his denial of the fact that he was driving the car, to contradict Officer

Figliola's sworn statement that he had seen plaintiff driving the SUV. It is undisputed that

Officer Figliola observed the driver of the vehicle break numerous traffic laws and that Officer

Figliola knew the plaintiff's license was suspended. Viewing these circumstances objectively,

the Court finds the police had probable cause to arrest the plaintiff.

**2. Illegal Entry**

The Court agrees with the Magistrate Judge's legal analysis of this issue and is convinced

that the warrantless entry was not unconstitutional pursuant to the United States Supreme Court's

recent opinion in *Kentucky v.King*, --U.S.--, 131 S.Ct. 1849 (2011) . In determining the legality

of a warrantless entry, the *King* Court stressed the importance of focusing on the actions of the

police up until the time they enter the house and not focusing on the subjective state of mind of

the officer to determine if the entry is objectively reasonable. Warrantless searches are allowed

when the circumstances make it reasonable, within the meaning of the Fourth Amendment, to

dispense with the warrant requirement. *Id*. at 1858. The exigent circumstances rule justifies a

warrantless search "when the conduct of the police preceding the exigency is reasonable in the

same sense." *Id*. Any warrantless entry based on exigent circumstances must, of course, be

supported by a genuine exigency. *Id*. at 1862; *See Brigham City, Utah v. Stuart*, 547 U.S. 398,

406 (2006).

In the *King* case, the Supreme Court explained:

Although the text of the Fourth Amendment does not specify when a search
warrant must be obtained, this Court has inferred that a warrant must generally be

8

> secured. "It is a 'basic principle of Fourth Amendment law,' " we have often said,
> " 'that searches and seizures inside a home without a warrant are presumptively
> unreasonable.' "*Brigham City v. Stuart,* 547 U.S. 398, 403, 126 S.Ct. 1943, 164
> L.Ed.2d 650 (2006) (quoting *Groh v. Ramirez,* 540 U.S. 551, 559, 124 S.Ct. 1284,
> 157 L.Ed.2d 1068 (2004)). But we have also recognized that this presumption
> may be overcome in some circumstances because "[t]he ultimate touchstone of the
> Fourth Amendment is 'reasonableness.' " *Brigham City, supra,* at 403, 126 S.Ct.
> 1943; see also *Michigan v. Fisher,* 558 U.S. –, ——, 130 S.Ct. 546, 548, 175
> L.Ed.2d 410 (2009) *(per curiam).* Accordingly, the warrant requirement is subject
> to certain reasonable exceptions. *Brigham City, supra,* at 403, 126 S.Ct. 1943.

*King*, 131 S.Ct. at 1856. " [T]he Fourth Amendment has drawn a firm line at the entrance to the

house. Absent exigent circumstances, that threshold may not reasonably be crossed without a

warrant." *Id.* (quoting *Payton v. New York,* 445 U.S. 573, 590 (1980)). One well-recognized

exception applies when "' the exigencies of the situation' make the needs of law enforcement so

compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment."

131 S.Ct. at 1856(quoting *Mincey v. Arizona,* 437 U.S. 385, 394 (1978).

The *King* Court noted the several exigencies identified by the Supreme Court that may

justify a warrantless search of a home. Relevant to the present discussion is the "emergency aid"

exception under which officers may enter a home without a warrant to render emergency

assistance to an injured occupant or to protect an occupant from imminent injury.

In determining whether the officers' conduct was consistent with the Fourth Amendment

in the present case, the Court examines their actions leading up to their entry of the house. The

officers had probable cause, as discussed above, based on Officer Figliola observing Mr. Harsh

driving the SUV and committing various crimes. The SUV was registered to a resident of the

address they entered. The SUV had been abandoned in relatively close proximity to the address.

The engine was running, a door was open, and the radio was on. Although there is contradictory

9

evidence as to the extent of the damage to the SUV, the Court finds it was objectively reasonable to believe that an injury was involved and that there was someone inside the residence who required immediate assistance.

**3. 42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 creates no substantive rights; rather, it is a vehicle by which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan,* 443 U.S. 137, 144 n. 3, (1979). "To successfully establish a claim under § 1983, a claimant must show that he or she was deprived of a right secured by the Constitution and the laws of the United States by one acting under the color of law." *Ahlers v.Schebil,* 188 F.3d 365 (6th Cir.1999) (internal citations omitted).

The existence of probable cause precludes a § 1983 action for malicious prosecution. Plaintiff has submitted no credible evidence that Officer Figliola could be found liable in a malicious prosecution or abuse of process claim. Plaintiff has failed to support his claim of deliberate indifference to a serious medical need and excessive force with evidence of a serious injury. Absent any supporting evidence to show that he was harmed, plaintiff cannot establish his excessive force claim.

The Court also agrees with the Magistrate Judge's analyses and legal conclusions regarding plaintiff's remaining claims of civil conspiracy and claims against the City of Franklin as the plaintiff failed to identify the custom, policy, or practice of the City of Franklin.

Having found that defendant's federal claims must be dismissed, the Court agrees with the Magistrate Judge that it is proper to dismiss the state law claims.

10

### V. Conclusion

The Court has reviewed the pleadings, the transcript of the trial, the affidavits and evidence submitted in support of and in opposition to the Motion for Summary Judgment filed in this case.

Upon a *de novo* review of the record in light of the objections, the Court finds that the Magistrate Judge has properly applied the controlling principles of law to the facts of plaintiff's claims and agrees with the Magistrate Judge's recommendations.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (doc. no. 88). Defendants' Motion for Summary Judgment (doc. no. 50) is **GRANTED** as to plaintiff's federal claims. Pending motions (doc. nos. 56, 58, 61, 63,67, 69, 70, 74, 109, 127) and plaintiff's objections to the Report and Recommendation are **DENIED**. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**. The federal claims in this case are **DISMISSED WITH PREJUDICE** and the case is **TERMINATED** on the docket of the Court.

**IT IS SO ORDERED.**

Herman J. Weber, Senior Judge
United States District Court

11